JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISIION

| DEVON DANTE HARRIS, JR., | No. 2:18-cv-05516-AG (JDE) |
|---|---|
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO PAY FILING FEES OR SUBMIT A PROPER IFP APPLICATION |
| v. | |
| M. VOONG, et al., | |
| Defendants. | |

On July 3, 2018, Plaintiff Devon Dante Harris, Jr. ("Plaintiff"), proceeding pro se, filed a civil rights complaint against various defendants, all allegedly government employees or entities, regarding alleged civil violations (Dkt. 1) and a partial request to proceed without prepayment of filings fees (Dkt. 2, "IFP Request").

Any party instituting any civil action in a district court, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] See 28

---

[1] In addition to the $350 filing fee, civil litigants must pay an administrative fee of $50. See 28 U.S.C. § 1914 (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14). The additional fee does not apply to persons granted leave to proceed IFP. See id.

U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a). See <u>Andrew v. Cervantes</u>, 493 F.3d 1047, 1051 (9th Cir. 2007). An request by a prisoner to proceed IFP must be supported by, among other things, "a certified copy of the trust fund account (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

      Here, Plaintiff did not pay the $350 filing or $50 administrative fee. He did file the handwritten IFP Request, which included a statement, bearing an illegible signature, that a "certified copy of the applicant[']s trust account for the past six months is attached," IFP Request at 3, but the document attached is not certified, not signed, and does not on its face appear to represent a trust account statement for the past six months. IFP Request at 4.

      On August 29, 2018, the assigned Magistrate Judge, after noting the defect with the IFP Request, issued an order which provided:

> **Plaintiff is hereby ORDERED** to file a proper IFP Request, including a certified copy of Plaintiff's prison trust account balance for the last six months as required by 28 U.S.C. § 1915(a)(2), **by no later than 30 days from the date of this Order**.
>
> Failure to timely comply with this Order will result in a recommendation that the IFP Request be denied and the action be dismissed for failure to pay the required filing fee or properly proceed in forma pauperis, and for failing to comply with a Court order and failing to prosecute.

Dkt. 5 (emphasis in original).

Plaintiff did not submit a compliant IFP Request or pay the required filing fee within the time period allotted or seek additional time in which to do so. Without payment of the filing fees or a compliant request to proceed IFP, this case cannot proceed. See 28 U.S.C. § 1914(a); Andrews, 493 F.3d at 1051.

In addition, the docket reflects that the Notice of Assignment (Dkt. 3) and Minute Order (Dkt 5) sent by mail to Plaintiff by the Court were both returned as undeliverable by the United States Postal Service on July 21, 2018 and September 10, 2018, respectively.

Local Rule 41-6 provides:

> **Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.** A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Here, more than fifteen days have passed since multiple items sent by mail to Plaintiff's address of record have been returned as undeliverable, and Plaintiff has not notified the Court of his current address. The action is subject to dismissal on this basis as well.

/ / /
/ / /
/ / /
/ / /
/ / /

1 | IT IS THEREFORE ORDERED that this action is DISMISSED. No
2 | further filings shall be accepted under this case number.

Dated: October 5, 2018

_____
ANDREW J. GUILFORD
United States District Judge

Presented By:

_____
JOHN D. EARLY
United States Magistrate Judge